UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1721(DSD/JJG)


Talib Al Sawad and
Shahlaa Ali,

       Plaintiffs,

v.                                      **ORDER**

Denise Frazier, District
Director U.S. Citizenship
and Immigration Services,
Bloomington, MN, Emilio
Gonzalez, Director U.S.
Citizenship and Immigration
Services, Washington, D.C.,
Robert Mueller, Director
Federal Bureau of Investigation,
Washington, D.C.,

       Defendants.


      Marc Prokosch, Esq. and Prokosch & Associates, 2950 Metro
      Drive, Suite 201, Bloomington, MN 55425, counsel for
      plaintiffs.

      Robyn A. Millenacker, Assistant U.S. Attorney, 300 South
      Fourth Street, Suite 600, Minneapolis, MN 55415, counsel
      for defendants.


This matter is before the court on defendants' motion to
dismiss. After a review of the file, record and proceedings
herein, and for the following reasons, defendants' motion is
denied.

**BACKGROUND**

Plaintiffs Talib Al Sawad ("Talib") and Shahlaa Ali
("Shahlaa"), husband and wife, seek to compel federal defendants to
complete their security checks and adjudicate their adjustment of
status applications.  Talib and Shahlaa are citizens of Iraq and
were admitted into the United States as refugees on September 24,
1996, and July 11, 2002, respectively.  Shahlaa filed an I-485
application for adjustment of status to lawful permanent residency
with the United States Citizenship and Immigration Services
("USCIS") on March 1, 2004, and Talib filed his application on
December 27, 2004.  As part of the adjudication of adjustment of
status applications, USCIS submits applicants' names to the Federal
Bureau of Investigation ("FBI") for name checks.  The FBI
acknowledged receipt of USCIS's name check request for Shahlaa on
March 8, 2004, and for Talib on January 14, 2005.  As of September
14, 2007, the date of the hearing on this motion, plaintiffs name
checks have not been completed, and their applications have not
been adjudicated.  Plaintiffs have made written inquiries to the
Department of Homeland Security and various government officials
and inquired at the local district office about the status of their
applications, all to no avail.

On March 30, 2007, plaintiffs filed the present action against the federal defendants asking the court to compel defendants to complete the required name checks and to adjudicate plaintiffs' applications.

## DISCUSSION

### I.   Subject Matter Jurisdiction

"Dismissal for lack of subject matter jurisdiction will not be granted lightly.   Dismissal is proper, however, when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." Wheeler v. St. Louis Sw. Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).   When a party moves to dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider matters extrinsic to the allegations in the complaint without converting the proceedings to a Rule 56 summary judgment action because the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990) (internal quotations omitted).

### A.   The Illegal Immigration Reform and Immigrant Responsibility Act of 1996

Plaintiffs entered the United States as refugees under 8 U.S.C. § 1157 and thus filed their I-485 applications pursuant to

3

8 U.S.C. § 1159.[1] Defendants argue that a provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1252(a)(2)(B)(ii), divests the court of jurisdiction in this case.   Plaintiffs maintain that judicial review of the pace of adjudication of their applications is not a discretionary decision or action under the IIRIRA.

Section 1252(a)(2)(B)(ii) provides in relevant part that no court has jurisdiction to review "any other decision or action of ... the Secretary of Homeland Security the authority for which is specified under this subchapter[2] to be in the discretion of ... the Secretary of Homeland Security."[3]   The Eighth Circuit has not addressed the specific meaning of "discretion" under this section.[4]

_____

[1] A "refugee" is "any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(42)(A).

[2] The relevant subchapter is II of Chapter 12 of Title 8, which includes 8 U.S.C. §§ 1151-1378 and their implementing regulations.  See Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).

[3] USCIS is part of the Department of Homeland Security.

[4] The Eighth Circuit has held that language in an implementing regulation stating "an immigration judge may grant a continuance for good cause shown" is discretionary under this section. Onyinkwa, 376 F.3d at 799.  Without analysis, however, the court simply stated that "[t]his language has long been held to confer
(continued...)

The Fifth Circuit, however, properly stated that:

> [o]ne might mistakenly read
> § 1252(a)(2)(B)(ii) as stripping us of the
> authority to review any discretionary
> immigration decisions. That reading, however,
> is incorrect, because § 1252(a)(2)(B)(ii)
> strips us only of jurisdiction to review
> discretionary authority *specified in the
> statute*. The statutory language is
> uncharacteristically pellucid on this score;
> it does not allude generally to 'discretionary
> authority' or to 'discretionary authority
> exercised *under this statute*,' but
> specifically to 'authority for which is
> *specified under this subchapter* to be in the
> discretion of the [Secretary of Homeland
> Security.]'

Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005) (emphasis in
original). Therefore, the court must determine whether the
statutory and regulatory provisions under which plaintiffs seek
adjustment of status provide that the pace of adjudication of their
applications is within the discretion of USCIS.

Plaintiffs seek adjustment of status under § 1159(a), which
provides that:

> (1) Any alien who has been admitted to the United States
> under [8 U.S.C. § 1157] -
> (A) whose admission has not been terminated by the
> Secretary of Homeland Security or the Attorney General
> pursuant to such regulations as the Secretary of Homeland
> Security or the Attorney General may prescribe,
> (B) who has been physically present in the United States
> for at least one year, and

---

[4](...continued)
discretion upon an [immigration judge] to grant or deny a
continuance." Id.

(C)  who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of [8 U.S.C. §§ 1225, 1229a, and 1251].

(2)  Any alien who is found upon inspection and examination by an immigration officer pursuant to paragraph (1) or after a hearing before an immigration judge to be admissible ... as an immigrant under this Act at the time of the alien's inspection and examination shall, notwithstanding any numerical limitation specified in this Act, be regarded as lawfully admitted to the United States for permanent residence as of the date of such alien's arrival into the United States.

Section 1159(a) and its implementing regulations are silent as to the pace of adjudication of an I-485 application.  See 8 C.F.R. § 209.1.  They neither establish a specific time frame for adjudication nor explicitly commit the pace of adjudication to the discretion of USCIS.  The plain terms of § 1252(a)(2)(B)(ii) require that a decision or action committed to the discretion of USCIS be "specified under" § 1159 or its implementing regulations. Because § 1159 specifies no such discretion with regard to the pace of adjudication of I-485 applications, § 1252 does not strip the court of jurisdiction.  See United States v. Cacioppo, 460 F.3d 1012, 1016 (8th Cir. 2006) ("It is well established that we commence any statutory interpretation with the statute's plain language.  Where the language is plain, we need inquire no further.").

**B.    The Mandamus Act and the APA**

Although federal jurisdiction is not affirmatively precluded by § 1252(a)(2)(B)(ii), the court requires subject matter jurisdiction to proceed. Plaintiffs argue that the court has subject matter jurisdiction based on two sources: (1) the Mandamus Act, 28 U.S.C. § 2201; and (2) the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq., combined with the federal question statute, 28 U.S.C. § 1331.

Federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Therefore, a writ of mandamus is appropriate only where "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citations omitted).[5]

---

[5] The APA requires that an agency conclude a matter presented to it "in a reasonable time" and authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1). The APA's judicial review provisions, however, do not apply to agency action that is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). In cases asserting
(continued...)

7

Defendants argue that plaintiffs have no clear, indisputable and nondiscretionary right to the adjudication of their applications in a reasonable time.   The court disagrees. Specifically, the court joins a growing number of district courts in concluding that USCIS has a duty to adjudicate adjustment of status applications once they have been submitted and that the APA requires the applications to be adjudicated in a reasonable time. See, e.g., Pool v. Gonzales, Civ. No. 07-258, 2007 U.S. Dist. LEXIS 39946, at *8 (D.N.J. June 1, 2007); Hoyoung Song v. Kapakas, Civ. No. 06-05589,  2007 U.S. Dist. LEXIS 27203, at *13-14 (E.D. Pa. Apr. 12, 2007); Haidari v. Frazier, Civ. No. 06-3215, 2006 U.S. Dist. LEXIS 89177, at *10-11 (D. Minn. Dec. 8, 2006).

Title 8, section 1159(a)(1) of the U.S. Code requires that aliens admitted as refugees under 8 U.S.C. § 1157 return to the Department of Homeland Security after being physically present in the United States for one year in order to be inspected and examined for admission as an immigrant.   Section 1159(a)(2)

---

[5](...continued)
unreasonable delay by USCIS in processing adjustment of status applications, many courts have noted that analysis of jurisdiction and relief under the Mandamus Act and the APA is coextensive.  See Bondarenko v. Chertoff, 07-mc-00002, 2007 U.S. Dist. LEXIS 67143, at *32 (W.D.N.Y. Sept. 11, 2007) (gathering recent cases); see also Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999) ("[I]n evaluating claims of unreasonable agency delay which seek either mandamus or a mandatory injunction under the APA, or both, ... the same principles and standards [apply] both to determine jurisdiction over the claim and to assess the merits of the claim.").  The court agrees.  Therefore, there is no need for two separate analyses.

provides that "[a]ny alien who is found upon inspection and examination ... to be admissible ... as an immigrant under this Act ... shall, notwithstanding any numerical limitation specified in this Act, be regarded as lawfully admitted to the United States for permanent residence."    Although this section addresses the procedures and conditions under which an alien admitted pursuant to § 1157 will be regarded as a lawful permanent resident, it does not provide that USCIS can choose not to adjudicate an I-485 application filed pursuant to § 1159.  Rather, the court determines that once an adjustment of status application is properly before USCIS, the agency has an affirmative, nondiscretionary duty to process that application.  Moreover, although § 1159 and its implementing regulations do not provide for a time frame within which USCIS must adjudicate I-485 applications, the APA requires that the applications be processed in a reasonable time.  See 5 U.S.C. § 555(b).  Therefore, plaintiffs have a clear, indisputable and nondiscretionary right to an adjudication of their applications within a reasonable time.

Defendants also argue that plaintiffs' remedy is "to wait their turn in line with all other similarly-situated aliens who wish to have green cards but are awaiting completion of their background checks."  This, however, is no remedy at all.  The injury that plaintiffs complain of is that they have been required to wait too long already.  It would be disingenuous to now conclude

9

that because they could simply wait longer the court does not have jurisdiction.   Although the court is not reaching the merits of plaintiffs' claim, it is apparent that they do not have another adequate remedy.

In sum, plaintiffs have a clear, indisputable and nondiscretionary right to have USCIS adjudicate their applications in a reasonable time.   Moreover, plaintiffs do not have an adequate alternative remedy to secure enforcement of this right.   Therefore, the court has subject matter jurisdiction under the Mandamus Act and the APA.

## II.   Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle her to relief.[6] Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).   Dismissal under Rule 12(b)(6) is warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to

---

[6] Although both parties agree that this motion to dismiss is governed by Rule 12(b)(6), it is governed by Rule 12(c) as a motion for judgment on the pleadings because defendants submitted an answer.   See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).   As the standard under both rules is the same, this is a mere technicality.   Id.

relief." <u>Strand v. Diversified Collection Serv., Inc.</u>, 380 F.3d 316, 317 (8th Cir. 2004).[7]

Defendants' arguments under Rule 12(b)(6) fail to the extent that they parallel their arguments against the court's subject matter jurisdiction under the Mandamus Act and the APA. Defendants, however, further argue that the delay in adjudicating plaintiffs' applications is reasonable as a matter of law.

In assessing reasonableness of agency delay, a court is guided by the six factors articulated in <u>Telecommunications Research & Action Center v. FCC</u>, 750 F.2d 70, 80 (D.C. Cir. 1984):

1. The time agencies take to make decisions must be governed by a rule of reason.
2. Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.
3. Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.
4. The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority.
5. The court should also take into account the nature and extent of the interests prejudiced by delay.
6. The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

---

[7] Defendants have submitted documents outside of the pleadings. The court considered these documents for purposes of the background section but has not considered them in addressing defendants' motion to dismiss for failure to state a claim. Accordingly, the court will not convert defendants' motion to one for summary judgment. <u>See</u> Fed. R. Civ. P. 12(b)(6); <u>Blair v. Willis</u>, 420 F.3d 823, 826 (8th Cir. 2005).

Id. (citations and quotations omitted).  The court also considers the source of the agency's delay.  See Singh v. Still, 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007).  For example, a court evaluates "the complexity of the investigation as well as the extent to which [plaintiff] participated in delaying the proceedings."  Id. (citations omitted).

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of a particular case."  Yu v. Brown, 36 F. Supp. 2d 922, 935 (D.N.M. 1999); see also Saleh v. Ridge, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005).  Thus, before the court will determine whether the extensive delays in this case are reasonable, it needs information specific to the adjudication of plaintiffs' applications and to the delay in their FBI name checks.  General information indicating that the FBI's name check system is backed up, although relevant, will not alone suffice to establish reasonableness.

Therefore, for the above stated reasons, plaintiffs have properly stated a claim upon which relief may be granted.

## CONCLUSION

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1.    Defendants' motion to dismiss [Doc. No. 4] is denied.

2.    Defendants  shall  provide  to  the  court  and  plaintiffs within  60  days  evidence  specific  to  plaintiffs'  applications showing  that  the  delay  in  processing  their  name  checks  and adjudicating their applications is reasonable.

3.    Defendants  shall,  within  15  days  after  providing  the court  and  plaintiffs  with  the  evidence  described  in  the  preceding paragraph,  move  for  summary  judgment  on  the  reasonableness  issue, and  the  parties  shall  submit  briefs  pursuant  to  Local  Rule  7.1(b).

Dated:  October 9, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court