UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-1721(DSD/JJG)

Talib Sawad and
Shahlaa Ali,

       Plaintiffs,

v.                                                        **ORDER**

Denise Frazier, District
Director U.S. Citizenship and
Immigration Services, Bloomington,
MN, Emilio Gonzalez, Director
U.S. Citizenship and Immigration
Services, Washington, D.C.,
Robert Mueller, Director Federal
Bureau of Investigation,
Washington, D.C.,

       Defendants.


This matter is before the court on plaintiffs' motion for attorney's fees and costs. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiffs' motion.


**BACKGROUND**

Plaintiff Shahlaa Ali filed an I-485 application for adjustment of status to lawful permanent residency with the United States Citizenship and Immigration Services ("USCIS") on March 1, 2004. Plaintiff Talib Al Sawad filed a similar application on December 27, 2004. As of March 30, 2007, USCIS had not adjudicated plaintiffs' applications. As a result, plaintiffs filed this

action asking the court to compel defendants to "complete the required background checks and security clearances and to adjudicate [p]laintiffs' applications for adjustment of status to legal permanent residency." (Compl. ¶ 21.)

On July 24, 2007, defendants moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The court denied defendants' motion on October 9, 2007, holding that plaintiffs had a right to adjudication of their applications within a reasonable time. (Dismiss Order at 10.) The court, however, concluded that it lacked the information necessary to determine whether defendants' delay had been reasonable and ordered defendants to produce evidence relevant to reasonableness within 60 days. (Id. at 12-13.) The court further ordered defendants to move for summary judgment on the reasonableness issue within 15 days thereafter. (Id. at 13.)

Defendants submitted the evidence required by the October 9 order on December 17, 2007, and moved for summary judgment on January 2, 2008. On January 23, 2008, USCIS denied Al Sawad's application to adjust his status, and on or around February 27, 2008, USCIS approved Ali's application. The court thus granted defendants' motion for summary judgment on April 23, 2008, and

dismissed the action as moot.  Plaintiffs now seek attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d).

## DISCUSSION

"The EAJA directs courts to award fees and other expenses to prevailing parties unless the United States' position was substantially justified or special circumstances would make an award unjust."  Yarbrough v. Cuomo, 209 F.3d 700, 703 (8th Cir. 2000).  A "prevailing party" is one who obtains "a judicially sanctioned material alteration of the legal relationship of the parties to the lawsuit."  N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1085 (8th Cir. 2006) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001)).  In other words, a plaintiff must obtain relief that modifies a "'defendant's behavior in a way that directly benefits the plaintiff.'"  John T. v. Iowa Dep't of Educ., 258 F.3d 860, 863-64 (8th Cir. 2001) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).

In this case, the October 9 order denied the government's motion and required the production of evidence permitting the court to assess the reasonableness of the delay in processing plaintiffs' applications.  The order did not alter the legal relationship between the parties by requiring the government to adjudicate

plaintiffs' applications within a prescribed time period.  Instead, USCIS adjudicated plaintiffs' applications independent of a court order requiring such action.  Cf. Liu v. Chertoff, 538 F. Supp. 2d 1116, 1121-22 (D. Minn. 2008) (plaintiff prevailing party where court ordered adjudication of application within specific time frame); Aarda v. U.S. Citizenship & Immigration Servs., Civ. No. 06-1561, 2008 U.S. Dist. LEXIS 29116, at *10-14 (D. Minn. April 8, 2008) (same); Haidari v. Frazier, Civ. No. 06-3215, 2007 U.S. Dist. LEXIS 97211, at *9-10 (D. Minn. May 10, 2007) (same).  Therefore, the court determines that plaintiffs were not prevailing parties for purposes of the EAJA.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion for attorney's fees and costs [Doc. No. 40] is denied.

Dated:   October 6, 2008

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court